## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,

        Plaintiff,


v.                                         **MEMORANDUM OF LAW & ORDER**
                                           Criminal File No. 05-237 (MJD/FLN)


ALLEN LANE CAIN,

        Defendant.

_____

Erika R. Mozangue, Assistant United States Attorney,  Counsel for Plaintiff.

Jordan Kushner, Law Office of Jordan S. Kushner, Counsel for Defendant.
_____

## I.    INTRODUCTION

     The above-entitled matter comes before the Court upon the Report and

Recommendation of United States Magistrate Judge Franklin L. Noel dated

October 25, 2005.  Defendant Allen Cain filed objections to the Report and

Recommendation.

     Pursuant to statute, the Court has conducted a de novo review of the

record.  28 U.S.C. § 636(b)(1); Local Rule 72.1(c).  Based on that review the

Court adopts in part and modifies in part the Report and Recommendation dated

October 25, 2005.  The Court adopts the Report and Recommendation with the

1

exception of Part II(A), which it modifies as follows:

## II. SUGGESTIVENESS OF THE PHOTO ARRAY

As the Report and Recommendation explained, the Fifth Amendment Due

Process Clause prohibits identification testimony that is derived from

impermissibly suggestive procedures that might lead to an irreparably mistaken

identification. See Neil v. Biggers, 409 U.S. 188, 196-98 (1972); United States v.

Johnson, 540 F.2d 954 (8th Cir. 1976). Because "[i]t is the likelihood of

misidentification [that] violates a defendant's right to due process," courts must

focus on the reliability of the identification. Biggers, 409 U.S. at 198. A due

process challenge to the use of an identification requires a two-step inquiry: (1)

whether the challenged confrontation was "impermissibly suggestive;" and (2) if

so, whether the identification was nonetheless reliable under the totality of the

circumstances, despite any suggestive or inappropriate identification techniques.

See Graham v. Solem, 728 F.2d 1533, 1541 (8th Cir. 1984); United States v.

Briley, 726 F.2d 1301, 1306 (8th Cir. 1984).

Upon a de novo review of the record, the Court concludes that the photo

array was not impermissibly suggestive. Although the background of Cain's

photograph has a slightly darker grey tone than the lighter grey backgrounds in

the other five photographs, this subtle difference does not make the array

impermissibly suggestive. Cf. United States v. Irorere, 69 Fed. Appx. 231, 236

(6th Cir. 2003) (unpublished) (holding that "the use of [the defendant's]

darker-toned photograph in a photo array" did not make the pretrial identification

procedure unduly suggestive).  See also United States v. L'Allier, 838 F.2d 234,

240 (7th Cir. 1988) (holding that "differences in the exposure and the quality of

the photographs in the display . . . [were] minor and not suggestive").

One eyewitness did not notice the difference in background shades, while

the other eyewitness noticed different shades "in a couple of different pictures."

(Sept. 21, 2005 Hearing Tr. at 16, 31.)  Indeed, the backgrounds in the five other

photographs also have slightly different shadings.  However, overall, the

background in all six photographs is light grey, and neither witness noticed that

the background shade of Cain's photograph stood out.

Cain also asserts that he appears shorter in his photograph than the other

five men.  It appears that Cain's photograph is taken from slightly farther away

than the other five photographs, so that his head appears smaller than the other

men's heads.  While Cain's head does appear slightly smaller, this difference is

minor.  Additionally, the heads of the other five men are not the same size.  For

example, the man in photograph four has a larger head than the man in

photograph five.

The slightly darker shade of the background of Cain's photograph and his

smaller head do not make the photo array impermissibly suggestive.  Overall,

Cain's photograph is similar to the other five photographs, and his features are similar to those of other men in the array.  There is no allegation of any coaching or suggesting by the agents who presented the photo arrays to the eyewitnesses. Because the Court concludes that the photo identification procedure was not impermissibly suggestive, it does not reach the issue of whether a totality of the circumstances made the identifications reliable despite any suggestive techniques.

**III.    Evidence Found During the Search Other than the Medical Scrubs**

The Report and Recommendation noted that the Government intends to only offer the medical scrubs as evidence; thus, the Report and Recommendation did not address the admissibility of the other items seized during the search.  That portion of the motion relating to those items is denied as moot.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The Magistrate Judge's Report and Recommendation dated October 25, 2005, [Docket No. 53] is hereby **ADOPTED IN PART AND MODIFIED IN PART** as set forth in this Order.

2.    Defendant's Motion to Suppress Witness Identifications [Docket No. 18] is **DENIED**.

3.    Defendant's Motion to Suppress Evidence as a Result of Search and Seizure [Docket No. 31] is **DENIED**.

Dated: December 5, 2005                          s / Michael J. Davis_____
                                                 Judge Michael J. Davis
                                                 United States District Court

4